# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| FELIMON PATINO, | : | MOTION TO VACATE |
| Fed. Reg. No. 59877-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:08-CR-175-JEC-CCH |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:11-CV-1455-JEC-CCH |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the

report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 22nd day of November, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FELIMON PATINO, | : | MOTION TO VACATE |
| Fed. Reg. No. 59877-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:08-CR-175-JEC-CCH |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:11-CV-1455-JEC-CCH |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant Felimon Patino has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentence, which was imposed on July 23, 2009, following a guilty plea entered in the Northern District of Georgia.

I.    Procedural History

On May 28, 2008, Movant entered into a guilty plea in the Northern District of Georgia to conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846. (Doc. 7). The plea agreement contains a waiver of Movant's appellate and collateral rights ("appellate waiver"). (Doc. 7, Ex. 1 at ¶ 10; Resp. Ex. 1 at ¶ 10). On July 23, 2009, Movant

was sentenced to sixty (60) months of imprisonment. (Doc. 48). Movant did not appeal his conviction or sentence.

Movant filed the instant § 2255 motion on May 2, 2011. (Doc. 49). In the motion, Movant raises a claim that his counsel was ineffective for failing to argue during sentencing as mitigating circumstances that his sentence should be reduced because he was ineligible for pre-release custody and minimum security confinement due to his status as an illegal alien. (*Id.*). Respondent argues that Movant cannot bring his claim because: (1) it is untimely, and (2) the appellate waiver bars the claim. The undersigned agrees.

II. Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess

2

of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (internal quotation marks and citations omitted); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record in this case conclusively show that he is not entitled to relief in connection with his claim. Thus, no evidentiary hearing is required.

3

III. Analysis

    A. The Motion to Vacate is Untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file a 28 U.S.C. § 2255 motion to vacate within one year of the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the event governing the one-year limitation period is the date Movant's conviction and sentence became final. Movant was convicted and sentenced on July 23, 2009, and Movant did not file a direct appeal. Thus, Movant's convictions became final on August 3, 2009, when the ten-day period

4

for seeking appellate review expired.[1] *See* Fed. R. App. P. 4(b)(1); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (judgment of conviction became final ten days after it was entered where no timely notice of appeal was filed). Thus, Movant had until August 3, 2010, to file a § 2255 motion. The instant motion was filed on May 2, 2011, nearly nine months beyond the statutory time deadline. As such, it is untimely.

B.   Movant's Claim for Relief is Barred by the Waiver.

It is clear from the record of Movant's plea that he entered into the plea agreement knowingly and voluntarily; therefore, the appeal waiver contained therein is enforceable. That waiver provides as follows:

> 10.   LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the

---

[1] Because August 2, 2009, fell on a Sunday, Movant had until the next business day, Monday, August 3, 2009, to file his appeal. *See* Fed. R. App. P. 26(a)(1)(C).

5

> sentence imposed, the defendant may also file a direct appeal of his sentence.

(Doc. 7, Ex. 1 at ¶ 10; Resp. Ex. 1 at ¶ 10).

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Wilson*, No. 11-10342, 2011 WL 4840953, at *4 (11th Cir. Oct. 13, 2011); *United States v. Ramos*, 433 F. App'x 893, 895 (11th Cir. 2011); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "[O]ne of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (citations omitted). In order to prevail in an argument to enforce a waiver, the Government must show that either "(1) 'the district court questioned the [movant]' about the waiver; or (2) the record makes clear 'that the [movant] otherwise understood the full significance of the waiver.'" *Wilson*, 2011 WL 4840953, at *4 (quoting *Bushert*, 997 F.2d at 1351); *Ramos*, 433 F. App'x at 895-96; *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). In the instant case, the Government has demonstrated both.

6

First, when Movant entered his plea, the Assistant United States Attorney described in detail the negotiated appeal waiver:

> MR. ERSKINE: Paragraph 10 provides for a limited waiver of appeal, and to the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives his right to appeal the conviction and sentence in this particular case as well as to attack it in a 2255 proceeding on any ground.

(Resp. Ex. 2 at 21-22). In response to questioning by the Court, Movant indicated that the Assistant United States Attorney accurately captured what Movant understood about the plea agreement. (*Id.* at 23).

The Court also thoroughly questioned Movant about his understanding of the waiver of appeal:

> THE COURT: Under the law you have the right to appeal your sentence, but just as you can give up a trial and plead guilty, you can give up your right to appeal if you and your attorney think that the plea agreement you have worked out makes that make sense. And . . . you are agreeing to waive any future challenge against your sentence or your conviction unless, and it's a big unless, unless I went higher than this guideline range. If I go higher than your guideline range, then you can appeal, but otherwise you will not be able to appeal and you will be bound by whatever sentence I impose.
>
> Do you understand that, [Movant]?
>
> MOVANT: Of course.

(*Id.* at 31-32).

7

The Court also asked Movant about his satisfaction with counsel and the voluntary nature of his plea:

> THE COURT: All right. And have you had time to talk with your attorney, [Movant], about how you might defend this charge?
>
> MOVANT: Yes, Ma'am.
>
> THE COURT: Have you had enough time to talk with your attorney about your decision to plead guilty, [Movant]?
>
> MOVANT: Yes, Ma'am.
>
> THE COURT: And are you satisfied so far with the help your attorney has been able to offer to you?
>
> MOVANT: Exactly.
>
> * * *
>
> THE COURT: [Movant], has anybody threatened or forced you to plead guilty?
>
> MOVANT: No. No, Ma'am. No.
>
> THE COURT: Are you pleading guilty freely and voluntarily?
>
> MOVANT: Yes, Ma'am.
>
> * * *
>
> THE COURT: [Movant], did you go over the plea agreement with your attorney before you signed it?

8

>    MOVANT: Yes, Ma'am.
>
>    THE COURT: Do you think you understand what the plea agreement provides for?
>
>    MOVANT: Perfectly.
>
>    THE COURT: Has anyone promised you anything not contained in the plea agreement?
>
>    MOVANT: No, Ma'am.

(*Id.* at 16, 19).

A review of these colloquies reveals that Movant's waiver of the right to challenge his sentence – either on appeal or collaterally – was made knowingly and voluntarily. Indeed, Movant indicated that he had discussed the plea agreement with his attorney, that he understood the terms of the agreement, and that the Government had not coerced him to sign the agreement nor made any promises not contained in the agreement. (*Id.* at 16, 19). Movant also told the Court that he understood that he was waiving his right to appeal except if the Court upwardly departed from the sentencing guidelines or if the Government appealed. (*Id.* at 31-32). Thus, Movant entered a knowing and voluntary plea of guilty, and, accordingly, Movant's waiver is valid and enforceable. *See Bushert*, 997 F.2d at 1351. As such, the appellate waiver bars Movant's claim that counsel was

9

ineffective at sentencing. *See United States v. Wilson*, No. 11-10342, 2011 WL 4840953, at \*5 (11th Cir. Oct. 13, 2011) ("A defendant may not attack the effectiveness of his sentencing counsel where there is a valid sentence appeal waiver in effect that prohibits a direct or collateral challenge on any ground."); *Williams*, 396 F.2d 1340, 1342 n.2 (holding that a collateral sentence waiver precludes a defendant from arguing that counsel rendered ineffective assistance during sentencing).

IV. Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Felimon Patino's motion to vacate sentence [Doc. 49] be **DENIED**.

V. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill

its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant's claims are time-barred and/or barred by the appellate waiver. *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED** this 22nd day of November, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)